BOUTALL, Judge.
This is a case involving a collision between an automobile and a locomotive.
On April 30, 1973, an automobile driven by the appellee, Elridge J. Green, was struck by a locomotive of the Missouri Pacific Railroad Company, the appellant in this action. Green sued for injuries and property damage suffered in the accident. After trial on the merits, the trial judge found that the sole and proximate cause of the accident was the negligence of the defendant railroad and rendered judgment in favor of the plaintiff. We reverse.
The evidence shows that a railroad engine, unaccompanied by any other railroad ears, was proceeding in an easterly direction at approximately 5 miles per hour when the accident occurred. Employees of the railroad, plus 2 witnesses whose homes were near the scene, testified that warning whistles were sounded by the engine. All except one of these people also testified that the engine’s bells were ringing. Green, however, denied hearing any signals. He testified that he drove up to the crossing, stopped to look, and then proceeded to cross the tracks when he was struck by the engine.
Appellee’s case is based upon the fact that his view of the railroad crossing was blocked by weeds growing at the crossing. He stated that the weeds were three to four feet high and that he didn’t see anything coming on the tracks. He also testified that from a stopped position, which was 15 feet from the tracks, he could see 50 to 75 feet down the tracks. The photographs introduced into evidence show that a person stopped 50 feet from the crossing could see clearly that far up the elevated tracks. A person closer to the tracks could see an even greater distance.
Other evidence indicates that Green attempted to veer around the engine. An accident investigator found that the automobile was positioned a few feet into the left traffic lane at point of impact. The brakeman and the fireman on the engine both testified that the car stopped and then changed lanes in an attempt to move around the engine. The testimony indicated that the front of the engine was approximately 15 feet from the car when the car swerved. Appellee denies having attempted to go around the engine.
There is support in the record for the trial judge’s finding that the railroad was negligent. The fireman, for example, had emergency braking mechanism within his reach and did not use it, although he clearly saw the automobile at all times. Further, the brakeman came around from his position at the front of the engine and told the engineer to stop before any brakes were applied at all. We hold, however that it was manifestly erroneous not to find that appellee was contributorily negligent and barred from recovery. His reason for leaving a position of safety and pulling in front *250 of this slow-moving train was that he neither saw it or heard it. Neither the facts or the law support this position.
It is well settled in this state that a driver is burdened with the responsibility of seeing and hearing that which he could have seen and heard. If a driver’s view of the right of way is obstructed, he must use a higher degree of caution. Serpas v. New Orleans Public Belt Railroad, 356 So.2d 107 (La.App. 4th Cir. 1978), quoting Sulé v. Missouri Pacific Railroad, 181 So.2d 280 (La. App. 4th Cir. 1965). In dealing with a similar issue, this court stated in Watts v. New Orleans Public Belt Railroad, 287 So.2d 812 (La.App. 4th Cir. 1974), at 814:
“* * * * there is some evidence that the defendant could have seen approximately 36 feet down the track in the direction from which the train came. However, assuming that the weeds were sufficiently high and dense and the building sufficiently high so as to block the defendant’s line of sight completely, such a circumstance serves not to lessen the duty of care imposed on the plaintiff, but on the contrary increases the duty placed upon him to ascertain that he could safely cross in spite of the blind intersection.”
Appellee urges us to apply the “dangerous trap” doctrine under which a railroad may not rely upon the duty of the motorist to stop and look if physical circumstances are such that stopping and looking will do no good. Glisson v. Missouri Pacific Railroad Company, 158 So.2d 875 (La.App. 3rd Cir. 1963); Affirmed 246 La. 470, 165 So.2d 289. This doctrine is not applicable in this case, however, since appellee admitted that he had at least 50 feet of clear view with which to observe the engine. This certainly should have been sufficient since the train was moving at only 5 miles per hour. Further, the evidence indicates that appellee did indeed stop in this case, but simply failed to see that which he should have seen.
Due to our reversal on the issue of liability, it is unnecessary for us to consider the issue of quantum raised by appellant.
It is therefore ordered that the judgment of the trial court be reversed and that judgment be entered in favor of the defendant, dismissing plaintiff’s suit. All costs in both courts to be assessed against the appellee, Elridge J. Green.

REVERSED AND RENDERED.